# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

**LESLIE ANTHONY, AARON HENDERSON,**
**ANGELA VALCARCEL**, and
**CHAVONNE WIMBERLY**,

          Plaintiffs,

v

**ENVOY AIR INC.**

          Defendant.

Case No.

Hon.

---

**Miller Cohen, P.L.C.**
 Bruce A. Miller (P17746)
 Keith D. Flynn (P74192)
 Adam C. Graham (P79361)
 *Attorneys for Plaintiff*
 600 W. Lafayette Blvd., 4th Floor
 Detroit, MI  48226-0840
 (313) 964-4454

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other pending or resolved civil action arising out of the transactions or occurrences alleged in this Compliant.

 **NOW COME** Plaintiffs, **LESLIE ANTHONY**, **AARON HENDERSON**,

**ANGELA VALCARCEL**, and **CHAVONNE WIMBERLY**, on behalf of

themselves and all similarly situated persons, known or unknown, by and through

their attorneys, **Miller Cohen, P.L.C.**, and for their Complaint against Defendant,

**ENVOY AIR INC.**, state as follows:

## <u>INTRODUCTION</u>

This is a civil action brought on behalf of individuals who were employed by Defendant Envoy Air Inc. (referred to as "Envoy"). In violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Michigan overtime laws, MCL 408.381a *et. seq.* (repealed and replaced by MCL 409.414a *et. seq.* effective May 27, 2014) (hereafter "Michigan Overtime Law"), Defendants failed to pay their workers overtime pay, pay for work performed during "lunch periods" and otherwise withheld pay for work performed.

Defendant had a policy of deducting thirty minutes of pay from all hourly employees for lunch breaks, whether the breaks were actually taken or not. Most of Defendant's employees worked through their lunch breaks but still had a half-hour of time deducted each day from their pay-checks. Additionally, Defendants had a policy of illegally denying overtime for work that exceeded 40 hours per week. Plaintiffs, and all similarly situated hourly employees did not receive overtime pay for their work in excess of forty in any given work week.

Plaintiffs now bring this FLSA collective action and Michigan Overtime Law class action on behalf of a class of similarly situated individuals, known and unknown, who were employed by Defendant and were deprived of overtime pay and straight time. This includes hourly employees who were deprived of overtime pay,

2

hourly employees who did not receive a bona fide lunch break but still had a half hour of pay deducted from their wage, and hourly employees who had their pay reduced by the improper reduction of recorded hours worked.

## PARTIES

1.      Plaintiff Leslie Anthony is a resident of Canton, Michigan who was hired by Defendant as a Station Agent, but worked as a Cabin Cleaner from September 16, 2016 until November 13, 2016.

2.      Plaintiff Aaron Henderson is a resident of Detroit, Michigan who was hired by Defendant as a Station Agent, but worked as a Cabin Cleaner from September 16, 2016 until November 10, 2016.

3.      Plaintiff Angela Valvarcel is a resident of Inkster, Michigan who was hired by Defendant as a Station Agent, but worked as a Cabin Cleaner from September 16, 2016 until November 28, 2016.

4.      Plaintiff Chavonne Wimberly is a resident of Southfield, Michigan who was hired by Defendant as a Station Agent, but worked as a Cabin Cleaner from September 16, 2016 until November 2, 2016.

5.      Defendant Envoy Air Inc. is a company conducting business in Wayne County, Michigan at Detroit Metropolitan Airport.

6.      Plaintiffs bring this action on their own behalf and on behalf of others similarly situated, including all individuals in the State of Michigan who may choose

to opt-in to this action, who were employed by Defendant to perform work on an hourly basis, and who were deprived of straight pay and overtime pay under the Fair Labor Standards Act ("FLSA") and Michigan Overtime Law.

7.     Similarly situated individuals may choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8.     Jurisdiction is conferred upon this Court by:

  a. 29 U.S.C. § 216(b), this action arising under the FLSA;

  b. 28 U.S.C. § 1337, this action arising under acts of Congress regulating commerce; and

  c. U.S.C. § 1331, this action involving questions of federal law.

  d. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

  e. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims.

  f. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this district, employs employees living and working in this district, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## **STATEMENT OF FACTS**

9.      Envoy Air Inc. is an air carrier that is a wholly owned subsidiary of American Airlines Group, operating out of Detroit Metropolitan Airport in Wayne County, Michigan; Flint, Michigan; and other locations in the State of Michigan.

10.      To provide those services, Defendant employs a number of staff, including Station Agents, Cabin Cleaners, and Gate Agents who are paid on an hourly basis.

11.      Defendant has a policy of tracking the time of all of its employees.

12.      Most of Defendant's employees work through their lunch breaks.

13.      These employees are nonexempt under the FLSA and Michigan Overtime Law.

14.      Nonetheless Defendant's policy is to ***always*** deduct thirty minutes from ***all*** employees' pay per day regardless of whether employees actually clocked in and out for lunch or whether employees actually were given a full thirty minute period in which they performed no work.

15.      Furthermore, Defendant has failed to pay employees for overtime hours worked.

16.      Defendant has also failed to properly track the hours of its employees and has refused to pay employees that present evidence that not all hours worked have been properly paid.

17.     Plaintiffs notified Defendant that these policies violate the Fair Labor Standards Act, but Defendant did not modify *any* of these policies.

18.     On information and belief, Defendant did not keep accurate records of the hours of the lunch breaks deducted from the employees' hours.

19.     On information and belief, Defendant followed, and continues to follow, the practices described above.

20.     Defendant failed to pay workers their full wage, and failed to pay for all hours worked, resulting in wages that were not paid at time and a half for hours worked over forty in a week.

21.     Plaintiff Leslie Anthony was hired by Defendant as a Station Agent, but worked as a Cabin Cleaner from September 16, 2016 until November 13, 2016

22.     Plaintiff Aaron Henderson was hired by Defendant as a Station Agent, but worked as a Cabin Cleaner from September 16, 2016 until November 10, 2016.

23.     Plaintiff Angela Valcarcel was hired by Defendant as a Station Agent, but worked as a Cabin Cleaner from September 16, 2016 until November 28, 2016.

24.     Plaintiff Chavonne Wimberly was hired by Defendant as a Station Agent, but worked as a Cabin Cleaner from September 16, 2016 until November 2, 2016.

25.     Plaintiffs were paid hourly wages and overtime.

26.     Plaintiffs were not properly paid for their time.
27.     Plaintiffs would regularly work in excess of 40 hours.

28.    Plaintiffs would regularly not be paid overtime she was owed.

29.    Plaintiffs would regularly have a "lunch" period taken out of her paycheck, although she worked during this period at the instruction of Defendant.

30.    In addition, Plaintiffs were repeatedly not paid for all hours they worked.

31.    Plaintiffs would also not receive a shift differential they were supposed to be paid.

32.    Plaintiffs' work was reported on a W-2 and paid through payroll.

33.    Plaintiffs repeatedly complained to their manager and Human Resources regarding the nonpayment of wages (***Exhibit A***).

34.    Despite this, Plaintiffs have not been paid for the hours they worked.

35.    Defendant refused to make any changes to their payment policies. Instead, Defendant began disciplining and eventually terminated Plaintiffs for false and/or fabricated reasons.

## CLASS AND COLLECTIVE ACTION

36.    Plaintiffs incorporate by reference all preceding paragraphs.

37.    Count I is brought as collective actions under the FLSA, 29 U.S.C. §216(b).

38.    A copy of Plaintiffs' consent to bring their claims for less than time and a half overtime wages under the FLSA and nonpayment of wages under the FLSA as a representative action is attached hereto as ***Exhibit B***.

39.     Count II is brought as a class action under Michigan Overtime Law.

40.     Count III is brought as a class action as a state law claim for Breach of Contract.

41.     Count IV is brought as a class action as a state law claim for Unjust Enrichment/Quantum Meruit.

42.     Count V is brought as a class action as a state law claim for violation of the Michigan Wage and Fringe Benefits Act ("WFBA"), MCL 408.472.

43.     The representatives and those similarly situated have been equally affected by Defendant's failure to pay overtime pay, pay for lunches worked and other uncompensated work.

44.     Furthermore, those class members still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

45.     The issues in this lawsuit present common questions of law and fact that predominate over any variations, if any, which may exist between individuals within the class.

46.     The representatives, those similarly situated, and Defendant have a commonality of interest in the subject matter and remedy sought.

47.     A collective and class action is appropriate because the Plaintiffs are "similarly situated."

48.     The class of individuals on behalf of whom the named Plaintiffs bring this collective and class action are similarly situated because they have been or are employed in the same or similar positions as the individually names Plaintiffs, all individuals were or are subject to the same or similar unlawful practices, policy, or plan the individually named Plaintiffs; and their claims are based upon the same legal theory as those of the named Plaintiffs.

49.     Defendant failed to pay Plaintiffs, and upon information and belief, other members of the class, for hours worked over forty per week at a rate of one and-one half time their regular rate of pay.

50.     Defendant failed to pay Plaintiffs, and upon information and belief, other members of the class, for lunch periods they were forced to work through.

51.     Defendant failed to pay Plaintiffs, and upon information and belief, other members of the class, for other hours worked as part of their normal schedule.

52.     The precise number of individuals in the class is known only to the Defendant. The class is believed to include well over 300 individuals. Joinder of all class members is impracticable.

53.     There are questions of law and fact common to the class. The common questions include but are not limited to:

a. whether Defendant engaged in a pattern or practice of failing to pay Plaintiffs overtime wages for all hours worked in excess of 40 hours per workweek as required by the FLSA and Michigan Overtime Law;

b. whether Defendant's failure to pay overtime was willful or with reckless disregard of the law;

c. whether Defendant failed to pay Plaintiffs for work performed during a mandatory lunch period in violation of the FLSA or Michigan law;

d. whether Defendant failed to pay Plaintiffs for hours worked as part of their regular schedule;

e. whether Plaintiffs are entitled to actual or liquidated damages and the other requested relief.

54.     Plaintiffs' claims are typical of the class they seek to represent. Plaintiffs and the class work or have worked for Envoy Airlines Inc. and have been subjected to a pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week, a pattern or practice of failing to pay for work performed at the request of the employer during a 30 minute lunch period that was deducted from Plaintiffs' pay, and a pattern or practice of failing to pay Plaintiffs for all hours worked as part of their regular work schedule. Defendant acted and refused to act on grounds generally applicable to the class, which makes declaratory relief

with respect to the class appropriate. These typical, common claims predominate over any questions affecting only individual class members.

55.     The representatives are able to fairly and adequately represent and protect the interests of those similarly situated.  The named Plaintiffs have the same interests as do the other members of the class and they will vigorously prosecute these interests on behalf of the class.

56.     Plaintiffs' counsel is competent and experienced in complex class action employment litigation. Plaintiffs' counsel has handled numerous actions in federal courts, including collective actions under the FLSA.

57.     If individual actions were required to be brought by each injured or affected member of the class, the result would be a multiplicity of actions creating a hardship to those similarly situated, Defendants, and the resources of the Court.

58.     A collective action is an appropriate method for fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

59.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the class have been damaged and are entitled to recovery as a result of

Defendants' common and uniform policies, practices, and procedures. Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance. The relative damages suffered by individual members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's actions. It is desirable that the claims be heard in this forum since the Defendant is subject to the court's jurisdiction, and the actions giving rise to claim occurred in this district. A collective action can be managed without undue difficulty because the Defendant has regularly committed the violations of which the Plaintiffs complain and the Defendant is required to maintain detailed records concerning each class member.

## COUNT I VIOLATION OF THE FAIR LABOR STANDARDS ACT
## COLLECTIVE ACTION
### Failure to Pay Overtime Wages to Hourly Workers, Failure to Pay for Work Performed During Lunch Breaks, and Failure to Pay for Hourly Work Performed

60.     Plaintiffs incorporate by reference all preceding paragraphs.

61.     At all times relevant to this action, Plaintiffs were employees of Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

62.     At all times relevant to this action, Defendant was the employer(s) of Plaintiffs within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

63.     Defendant intentionally deducted time from Plaintiffs' pay for breaks that did not qualify as "bona fide lunch breaks" under 29 C.F.R. § 785.19.

64.     In violation of the Fair Labor Standards Act, Defendant failed to pay Plaintiffs at a rate of time-and-a-half for all hours worked in excess of forty in any given work week.

65.     Defendant knowingly, intentionally and willfully failed to pay Plaintiffs at a rate of time-and-a-half for hours worked in excess of forty in any given work week, as evidenced by the experiences of the named Plaintiffs and opt-ins.

66.     Defendant knowingly, intentionally and willfully failed to pay Plaintiffs for all hours they worked.

67.     Defendant had a pattern and practice of failing to pay at a rate of time and-a-half for hours worked in excess of forty in any given work week for all of its employees, as evidenced by the experiences of the named Plaintiffs and opt-ins.

WHEREFORE, Plaintiffs are entitled to an award of damages including but not limited to back pay, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT II VIOLATION OF THE MICHIGAN OVERTIME LAW
### Failure to Pay Overtime Wages to Hourly Workers

67.     Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs and incorporate them as if fully stated.

68.     At all relevant times, Plaintiffs were employees of Defendants as defined by Michigan Overtime Law.

69.     Michigan Overtime Law requires that Defendants compensate Plaintiffs at a rate of not less than one and one half the regular rate in which the employee is employed for employment in a workweek that exceeds 40 hours.

70.     Plaintiffs worked greater than 40 hours in a week on many occasions. Defendants failed to compensate Plaintiffs at a rate of one and one half their regular rate for the hours in excess of 40 hours.

WHEREFORE, Plaintiffs are entitled to an award of damages including but not limited to back pay, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT III
### BREACH OF CONTRACT

71.     Plaintiffs incorporate by reference all proceeding paragraphs above as though fully stated herein.

72.     Upon being hired, Plaintiffs agreed to work for Defendant in exchange for wages.

73.     This agreement formed an employment contract between Plaintiffs and Defendant.

74.     Defendant agreed to compensate the Plaintiffs at a rate above minimum wage.  Plaintiffs were not paid for some of the hours worked.

75.     Plaintiffs performed under the employment contract by performing services during the course of their employment with Defendant.

76.     Defendant breached the terms and conditions of the employment contract by failing to pay Plaintiffs the contracted wage for services provided.

WHEREFORE, Plaintiffs are entitled to an award of damages, costs, attorney fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT IV
## UNJUST ENRICHMENT/QUANTUM MERUIT

77.     Plaintiffs incorporate by reference all proceeding paragraphs above as though fully stated herein.

78.     Plaintiffs performed labor and services for Defendant in good faith and with a reasonable expectation that they would receive full payment for their work.

79.     Defendant received the benefits of Plaintiffs' labor and services but failed to pay Plaintiffs for the fair and reasonable value of those services by:

a. Failing to pay Plaintiffs for all hours they worked; and
b. Failing to pay Plaintiffs at the reasonable fair market value of work performed, at agreed upon wage rates and/or at legally mandated minimum wage and overtime rates for hours worked.

WHEREFORE, Plaintiffs are entitled to an award of damages, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT V
## Michigan Wage and Fringe Benefits Act ("WFBA")

80. Plaintiffs incorporate here all previously stated allegations.

81. Plaintiffs were employees as defined by the Michigan Wage and Fringe Benefits Act ("WFBA"), MCL § 408.471(c).

82. Defendant is an employer as defined by the WFBA, MCL § 408.471(d).

83. In violation of the WFBA, MCL § 408.472, Defendant failed to pay Plaintiffs their full pay owed for work completed.

WHEREFORE, Plaintiff is entitled to back wages, a penalty at the rate of 10% annually on the wages due, exemplary damages, a $1,000 civil penalty, interest, costs, attorney fees, and any other such relief that this Court deems just and equitable.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs **LESLIE ANTHONY**, **AARON HENDERSON**, **ANGELA VALCARCEL**, and **CHAVONNE WIMBERLY**, and on behalf of other persons similarly situated, known and unknown, request that this Court enter the following relief:

16

a. permission for individuals throughout the States of Michigan who are currently employed or were employed by Defendant as Hourly Workers, and have not been paid straight time, have not been paid overtime (time and a half) for hours greater than forty (40) worked in a week, and/or have not been paid fully due to illegal deductions from their pay, to opt-in to this action, pursuant to § 216(b) of the FLSA;

b. liquidated and multiple damages as allowed by law, including double damages under the FLSA and Michigan Overtime Law;

c. compensatory damages and punitive damages;

d. an injunction prohibiting Defendant from further violations of the law as described here;

e. post-judgment assignment of attorneys' fees, costs, and interest; and

f. any other relief to which Plaintiffs may be entitled.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:    By:   /s/Keith D. Flynn
            Bruce A. Miller (P17746)
            Keith D. Flynn (P74192)
            Adam C. Graham (P79361)
            *Attorneys for Plaintiff*
            600 W. Lafayette Blvd., 4th Floor
            Detroit, MI  48226-0840
            (313) 964-4454

Dated: January 23, 2017

| | |
|---|---|
| **LESLIE ANTHONY, AARON HENDERSON**,<br>**ANGELA VALCARCEL**, and<br>**CHAVONNE WIMBERLY**, | Case No.<br>Hon. |

        Plaintiffs,

v

**ENVOY AIR INC.**

        Defendant.

---

**MILLER COHEN, P.L.C.**
 Bruce A. Miller (P17746)
 Keith D. Flynn (P74192)
 Adam C. Graham (P79361)
 *Attorneys for Plaintiff*
 600 W. Lafayette Blvd., 4th Floor
 Detroit, MI 48226-0840
 (313) 964-4454

---

## <u>DEMAND FOR TRIAL BY JURY</u>

 **NOW COME** Plaintiffs, **LESLIE ANTHONY**, **AARON HENDERSON**,

**ANGELA VALCARCEL**, and **CHAVONNE WIMBERLY**, on behalf of

themselves and all similarly situated persons, known or unknown, by and through

their attorneys, **MILLER COHEN, P.L.C.**, and hereby demand for a trial by jury, for all

issues so triable.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:   <u>/s/Keith D. Flynn</u>
       Bruce A. Miller (P17746)
       Keith D. Flynn (P74192)
       Adam C. Graham (P79361)
       *Attorneys for Plaintiff*
       600 W. Lafayette Blvd., 4th Floor
       Detroit, MI  48226-0840
       (313) 964-4454

Dated: January 23, 2017